# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA CAROLINA PAR-ROSALES, and ETHAN JAFETH PAR, minor child,<br><br>                Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, et al.,<br><br>                Respondents. | Case No.: 19cv1844-LAB (JLB)<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND STATUS UPDATE** |

      Petitioners, who are represented by counsel, today filed a motion for a temporary restraining order (TRO),[1] asking the Court to enjoin Respondents from removing them following proceedings that were scheduled to take place today.

      Petitioners are Guatemalan nationals who entered the United States through Mexico, seeking asylum here. The TRO motion says Petitioners were first scheduled to appear before an Immigration Judge on August 12, but after they

---

[1] Petitioners submitted a habeas petition and motion for temporary restraining order (TRO). Due to a docketing error, the two were filed under separate case numbers; the petition is filed in case 19cv1844. The Court will treat both as part of this case, and anticipates that the docketing error will be corrected shortly.

retained counsel, their hearing was continued to today. The motion says Petitioners fear being sent back to Mexico and required to restart the asylum process there. Petitioners' predictions about what is likely to happen following their hearing is based on information they have known about, or could have learned about earlier. There may be a reason why Petitioners waited until literally the last moment to file their petition and seek a TRO, but the motion does not explain it.

Without giving any dates or times, the motion says Petitioners' counsel attempted to contact a DHS attorney but could not reach him because he was in court at the time. It says she then mailed him, and perhaps also the local U.S. Attorney's office, giving information about this petition. As of the time the motion was filed, Petitioner's counsel had not received a reply. The U.S. Attorney has, however, filed a notice saying the motion will be opposed as soon as Respondents' counsel can obtain the necessary records.

Only in the rarest of circumstances is it appropriate to issue a TRO without affording opposing parties a chance to be heard. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974). Although Fed. R. Civ. P. 65(b)(1) deals with situations where the opponent has no notice, the notice requirement is intended to give opponents a meaningful opportunity to be heard. *See id.* at 432 n.7 ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."). Here, Respondents would be unable to even formulate a response on the very short notice they were given. The last-minute filing also makes it unnecessarily difficult for the Court to conduct a meaningful review of the voluminous filings before having to make a decision.

While there may be legitimate reasons Petitioners waited until the last moment to seek relief, the motion does not explain what those are. The same rationale for requiring notice and a meaningful opportunity to be heard also argue

against allowing parties to benefit by their own unexplained delay in seeking a TRO.

The Court's brief initial review of the TRO motion shows that factors set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) are inadequately addressed, and requirements of Fed. R. Civ. P. 65 are not fully met. If the Court were to rule on the motion today, it would be denied. The Court will defer a decision on the TRO motion until the government has an opportunity to respond.

Petitioners' counsel shall supplement the TRO motion by filing a brief not longer than ten pages (not counting any attached or lodged materials), addressing in greater detail the factors set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), and providing anything required under Fed. R. Civ. P. 65 that the initial TRO motion left out. The brief must clearly show that the Court has jurisdiction to grant the relief requested. They should do so as promptly as they can.

After Petitioners' counsel files their supplemental brief, Respondents may file their opposition within **three court days**. Besides anything else Respondents wish to include, the opposition must address jurisdiction. No reply brief is to be filed without leave, and the Court will set a hearing, if appropriate.

The parties must also file a notice explaining the outcome of today's hearing, and its effect on the availability of or need for immediate relief. If possible they should file a joint notice not longer than ten pages. But if they cannot, each side should file a notice not longer than five pages. The notice or notices should be filed as promptly as possible, but in any event no later than **September 30**.

**IT IS SO ORDERED**.

Dated: September 26, 2019

_Larry A. Burns_
Hon. Larry Alan Burns
Chief United States District Judge